# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

KNA FAMILY, LLC

v.                                                      CASE NO:

HOTEL HOLDINGS, LLC
and DAVID LLOYD

## COMPLAINT ALLEGING BREACH OF CONTRACT

COMES NOW, KNA FAMILY, LLC, hereinafter "KNA" by and through the undersigned and hereby files its Complaint against the Defendants HOTEL HOLDINGS, LLC and DAVID LLOYD, individually, as follows:

## NATURE OF THE ACTION

1. In 2016, Hotel Holdings entered into a contract with Plaintiff to lease and operate the Extended Stay Suites Hotel located at 5450 Coca Cola Road, Mobile, Alabama. Hotel Holdings fell behind on the monthly payments required by the lease. In 2021, Hotel Holdings entered into an Asset Purchase Agreement with the Plaintiff. (Exhibit 1) Hotel Holdings agreed to purchase the Coca Cola Road property and pay all lease arrearages on or before November 30 2021. David Lloyd, who is the Owner/Manager of Hotel Holdings personally guaranteed the payment of all lease arrearages. As such, he is sued in his individual capacity. As will be further explained herein, Defendants breached the Asset Purchase Agreement by failing to close on the property timely and by failing to pay lease arrearages to Plaintiff.

## I. THE PARTIES TO THE COMPLAINT

### A. The Plaintiff

2. KNA FAMILY, LLC, is a corporation organized under the laws of Georgia. KNA FAMILY'S Principal Address is 312 W. Main Street, Cumming, GA 30040.

### B. The Defendants

3. HOTEL HOLDINGS, LLC, is a corporation organized under the laws of Utah. HOTEL HOLDINGS' Principal Address is 1187 North 1200 West, Suite 300 Orem, Utah, 84507.

4. DAVID LLOYD is a resident of Utah. Defendant Lloyd is the Owner/ Manager of HOTEL HOLDINGS, LLC. His Principal Address is 1187 North 1200 West, Suite 300 Orem, Utah, 84507.

### C. Jurisdiction and Venue

5. This Court has jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

### D. The Amount in Controversy

7. The amount in controversy is greater than $75,000 exclusive of interest and costs. Defendant Hotel Holdings entered into an agreement with Plaintiff in 2016. Defendant agreed to lease and operate an Extended Stay Suites Hotel located at 5450 Coca Cola Road, Mobile, Alabama, 36619 from Plaintiff. Defendant fell behind on its lease payments in the amount of $9000.00 monthly. As of August 27, 2021, Hotel Holdings owed $406,551.80 to KNA as unpaid rent. On or about September 9, 2021, Plaintiff and Defendant entered into a contract (Exhibit 1) for the sale of the property. The agreed upon purchase price for the property was $2,231,551.00

which included the $406,551.80 lease payment arrearage. As of September 13, 2022, the unpaid balance of the lease payments due to KNA is $667,751.80, which exceeds the jurisdictional amount of this Court.

## II.   COUNT I - BREACH OF CONTRACT

8. Defendant Hotel Holdings entered into a lease agreement with Plaintiff in 2016. Defendant agreed to lease and operate an Extended Stay Suites Hotel located at 5450 Coca Cola Road, Mobile, Alabama, 36619 from Plaintiff. Defendant Hotel Holdings fell behind on its lease payments in the amount of $9000.00 monthly.

9. As of August 27, 2021, Hotel Holdings owed $406,551.80 to KNA as unpaid rent. On or about September 9, 2021, Plaintiff and Defendants entered into a contract (Exhibit 1) for the sale of the property. The agreed upon purchase price for the property was $2,231,551.00 which included the $406,551.80 lease payment arrearage. Defendant David Lloyd personally guaranteed the payment of the lease arreage.

10. Exhibit 1 set a closing date for the sale of the property as not later than November 30, 2021. Plaintiff and Defendants agreed that the closing date could be extended until January 31, 2022 provided that Defendants paid additional earnest monies of $50,000 to Plaintiff. The parties further agreed that if the sale was not consummated the Defendants would "surrender the keys to the hotel property, vacate the building and turnover (sic) operation and management of the hotel property to Seller." (Exhibit 1 ¶ 8b). Defendants did not pay the additional earnest monies of $50,000 to Plaintiff for an extension of the November 30, 2021 closing date. Defendants have not surrendered possession of the property to Plaintiff.

11. As of the date of the filing of this Complaint, the Defendants have breached the Asset Purchase Agreement in one or more of the following ways:

a. The Defendants have not closed on the property;

b. The Defendants have not surrendered the property to Plaintiff and are in fact still operating the hotel;

c. The Defendants have not paid the $406,551.80 lease arrearage to Plaintiff; and

d. The Defendants have failed to pay additional lease payments that have become due since the execution of the Asset Purchase Agreement.

### III.   DEMAND FOR RELIEF

12. Plaintiff respectfully demands the following relief:

1. That the Court enter an Order declaring that Defendants have breached the Asset Purchase Agreement;

2. That the Court Order the Defendants to pay all lease arrearages owed to Plaintiff; and

3. That the Court Order the Defendants vacate the property immediately.

### IV.   CERTIFICATION

13. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that tis complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

/s/Michael Hickman
Michael Hickman (hickm1367)
207 Church Street
Mobile, Alabama 36602
251-300-4333


DEFENDANTS SHALL BE SERVED AS FOLLOWS:

HOTEL HOLDINGS, LLC
c/o Veil Corporate LLC, Registered Agent
208 20th Street North #134
Birmingham, Alabama 35203

DAVID LLOYD
1187 North 1200 West, Suite 300
Orem, Utah  84507